IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TINA BROWNE,

                Plaintiff,

v.                                         CIVIL ACTION NO.   2:15-cv-11672

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the issue of whether Plaintiff has failed to prosecute the current action.   For the reasons discussed herein, the Court determines that she has and **DISMISSES WITHOUT PREJUDICE** the present action.

*I.*       *Background*

Plaintiff initiated this action in the Circuit Court of Kanawha County, West Virginia, on June 8, 2015.   That complaint asserted state common law and statutory claims arising out of Defendant Nationwide Property & Casualty Insurance Company's ("Nationwide") denial of claims for coverage based on fire damage to Plaintiff's home.   (ECF No. 1, Ex. 1 at 1–13.)   The action was removed to this Court when Nationwide filed a notice of removal on July 30, 2015. (ECF No. 1.)

On October 2, 2015, Plaintiff, citing the need to add additional parties as named defendants, moved this Court to amend her complaint and extend the timeframe for filing a Rule 26(f) report.

(ECF Nos. 6 and 7.)   The Court granted those motions and entered an order requiring the parties to conduct a meeting pursuant to Federal Rule of Civil Procedure 26(f), file a Rule 26(f) report no later than December 9, 2015, and to participate in a scheduling conference before the Court on December 21, 2015.   (ECF No. 8.)   Counsel for the plaintiff failed to appear for this conference or provide any explanation for his absence.   To date, more than two months after that scheduling conference and more than ten weeks since the report was due, no Rule 26(f) report has been filed on the docket.   Moreover, Plaintiff has not amended her complaint or effectuated service on any additional defendants in line with the requests made in her October 2, 2015, motions.

By Order entered December 22, 2015, this Court required Plaintiff to show cause for her failure to prosecute this case and warned Plaintiff that failure to do so, in writing, by January 8, 2016, would result in dismissal of the present action with prejudice.   (ECF No. 12.)   Plaintiff has not responded to that show cause order.   The docket does not reflect that Plaintiff has taken any action to prosecute her case, or given any explanation to this Court to justify that failure, in the more than four-month interval since she moved this Court for an extension of the original Rule 26(f) deadlines.

## II.   Discussion

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   In so providing, it recognizes the foundational principle "that courts must have the authority to control litigation before them."   *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).   Further, it builds upon a federal court's well-established inherent authority, "of ancient origin," to "prevent undue delays in the disposition of pending cases and to

2

avoid congestion in the calendars of the District Courts."   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).   *See also United States ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) ("A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'" (quoting *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991))).

Because a court's authority in this realm is premised, at least in part, on its inherent authority, its power to dismiss a case for failure to prosecute exists whether or not a defendant makes a motion requesting that such action be taken.   *See United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order." (citing *Link*, 370 U.S. at 631–33 and *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976))).   "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."   *Link*, 370 U.S. at 629.   Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice.   Fed. R. Civ. P. 41(b).

When considering whether to dismiss an action for failure to prosecute pursuant to Rule 41(b), the Court considers the following factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.   *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). These four factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the court, along with the particular circumstances of each case, in determining whether or not to

3

dismiss the case.  *See Ballard*, 882 F.2d at 95.  Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly," *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is committed to the sound discretion of the trial court.  *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952).  "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."  *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95–96).

In the present case, there is no question that Plaintiff has failed to prosecute her case despite this Court's entry of an order specifically warning that the case would be dismissed unless adequate explanation was made for Plaintiff's non-participation.  Accordingly, dismissal of the action is appropriate not only because of Plaintiff's failure to prosecute or participate in the pre-trial scheduling process, but also because those failures resulted in noncompliance with this Court's show cause order.

Application of the Fourth Circuit's four-factor test compels this conclusion.  With respect to the first factor, concerning the degree of personal responsibility of the plaintiff, little in the record exists to determine whether the failures described above are properly attributed to Plaintiff individually as opposed to her counsel.  However, although clients should not be held responsible for the actions of counsel for which they clearly are not responsible, it is nonetheless necessary to hold them to "some measure of responsibility both for selecting competent attorneys and, more important, for supervising their conduct in representing them under ordinary principles of agency." *Doyle*, 938 F.2d at 35 (citing *Link*, 370 U.S. at 633–34).  In a situation like this, where counsel has done almost nothing to move the case forward since it was removed to this Court over six

months ago—even when faced with a court order specifically demanding an explanation for the failure to prosecute—the first factor points towards dismissal.

The second factor, addressing the prejudice to the defendants resulting from the failure to prosecute, similarly weighs in favor of dismissal. Plaintiff's non-participation in this litigation has left the defendants in limbo as to the status of the case against them and may have caused them to incur additional expenses. It is true that discovery has not yet begun and Plaintiff has not forced the defendants to defend against any motions in this case, frivolous or otherwise. However, merely by filing this lawsuit, Plaintiff has forced the defendants to suffer the expense of retaining counsel for the past six months. Similarly, and perhaps more importantly, Plaintiff's action in filing this lawsuit has caused the Court to expend unnecessary resources attempting to schedule and administer a case that Plaintiff apparently has no interest in actually litigating before this Court. Such action impacts judicial resources and accordingly has a prejudicial effect not only on the defendants in this case but on the other litigants who appear before this Court and present meritorious cases to be heard. *See Zaczek v. Fauquier Co.*, 764 F. Supp. 1071, 1076 (E.D. Va. 1991) (highlighting the important federal policy underlying a district court's ability to sua sponte dismiss actions in the interest of judicial administration and noting that "[i]ncreasingly . . . the dismissal sanction has been invoked to protect other litigants before a court").

The third factor requires an inquiry into the presence of a drawn out history of deliberately proceeding in a dilatory fashion. Here, there is nothing in the record to demonstrate whether Plaintiff's documented failures are deliberate. At the same time, however, the record does reveal a nearly complete failure to participate in this civil action. The docket reflects that the only action Plaintiff has taken in the more than six-month interval since removal is to move this Court for

more time to locate and serve additional defendants.   Although that request was granted, along with requests to amend the original complaint to add the new defendants and to extend the timeframe for filing a Rule 26(f) report, the record does not reflect that Plaintiff used the granted time extension to take any action to prosecute this case.   The complaint has not been amended, no new defendants have been added, and still no Rule 26(f) report has been filed.   Moreover, in the time period since the plaintiff last took any action in this case, her counsel has failed to attend (or explain his absence at) a court-ordered scheduling conference and failed to respond to a show cause order explicitly requesting an explanation for the lack of prosecution in this case.

In such circumstances, not only is it evident that Plaintiff has proceeded in a dilatory fashion, but it is also "questionable whether [her] conduct can be regarded as 'proceeding' at all." *Medici888, Inc. v. Rileys Ltd.*, No. 2:12CV317, 2014 WL 4199790, at *3 (E.D. Va. Aug. 22, 2014). Accordingly, the third factor weighs strongly in favor of dismissal of the present case.   *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00331, 2014 WL 4063828, at *4 (S.D. W. Va. Aug. 14, 2014) (finding that the third factor weighed in favor of dismissal where the plaintiffs' total failure to participate in the case after a stay was lifted demonstrated that "there is *only* a history of dilatory action by Plaintiffs").

Finally, in light of Plaintiff's near complete lack of participation, the Court cannot conclude that less drastic sanctions will be effective in the present case.   This Court has already specifically warned Plaintiff that the case would be dismissed unless she could demonstrate some cause as to her failure to prosecute, only to have that warning fall on deaf ears.   Given that fact it is difficult to comprehend how any sanction short of dismissal would induce Plaintiff to proceed in the orderly prosecution of her case.   *See Ballard*, 882 F.2d at 95–96 (finding that the plaintiff's

noncompliance with a show cause order left the district court with "little alternative to dismissal" because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse"); *Dickerson v. Board of Educ. of Ford Heights*, 32 F.3d 1114, 1117 (7th Cir. 1994) ("Where the pattern of dilatory conduct is clear, dismissal need not be preceded by the imposition of less severe sanctions." (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) and *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989))).

### III.    Conclusion

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE**[1] this civil action and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 24, 2016

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] While the Court finds that Plaintiff's failure to prosecute certainly warrants dismissal of her case, it ultimately determines that a dismissal without prejudice is the most appropriate sanction in light of the Fourth Circuit's guidance that "dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'"   *Davis*, 588 F.2d at 70 (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).